IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD


COURTNEY S. WALLACE, SR.,

      Plaintiff,

v.                                    Civil Action No: 1:14-17900

McDOWELL COUNTY COMMISSION,
et al.,


      Defendants.


## MEMORANDUM OPINION AND ORDER


Pending before the court are motions to dismiss filed by defendants April Walker and Dr. Kimberly Jones, (Doc. No. 13), and defendants Commissioner Jim Rubenstein and the West Virginia Division of Corrections, (Doc. No. 15).  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 2).  The magistrate judge submitted his proposed findings and recommendation ("PF&R") on November 5, 2014.  (Doc. No. 23).

In accordance with the provisions of 28 U.S.C. § 636(b), all parties were allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R.  Plaintiff

1

submitted objections to the PF&R, which the court received on
November 26, 2014.  (Doc. No. 26).  Defendant Dr. Jones timely
filed objections to the PF&R on November 13, 2014.  (Doc. No.
24).

I.    **Background**

     On June 9, 2014, plaintiff filed a complaint seeking relief
pursuant to 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff is
currently incarcerated at McDowell County Correctional Center
and contends that he injured his back and hip on April 4, 2013
when he slipped in milk that was spilled on the floor of the
facility.  (Doc. No. 1 at ¶ 4).  Plaintiff claims that he
immediately informed prison officials of his injury, but has
received little to no care in connection with his condition.

     Specifically, plaintiff raises medical malpractice claims
against defendants Dr. Jones and Nurse Walker as well as
alleging that they acted with deliberate indifference to his
injuries.  According to plaintiff, Dr. Jones evaluated his
injury two days after the incident and prescribed Tylenol for
his injuries, to be taken three times a day.  (Doc. No. 1 at ¶
6).  When he continued to complain of discomfort, Dr. Jones
ordered an x-ray.  (Doc. No. 1 at ¶ 8).  In her follow-up
regarding the x-rays, plaintiff contends that Dr. Jones
initially confused his records with another inmate's, could not

find his x-ray results, and ultimately sent plaintiff to Welch Hospital to have more x-rays taken.  Id.

Plaintiff further contends that doctors at Welch Hospital told him not to continue taking Tylenol as prescribed by Dr. Jones, but instead, to take Naproxen twice daily.  (Doc. No. 1 at ¶ 9).  The doctor at Welch Hospital told plaintiff that he should return for further testing, but plaintiff contends that prison officials never took him back for any follow-up exams. Id.

Further, plaintiff alleges that he has had considerable difficulties receiving the medicine prescribed by doctors at Welch Hospital.  (Doc. No. 1 at ¶ 10).  He alleges that he has filed three grievances in connection with prison officials' failure to make available the Naproxen prescribed by doctors at Welch Hospital.  Id.  Plaintiff contends that the prison medical unit ran out of his prescribed medicine and he was forced to take Tylenol instead.  Id.

When plaintiff continued to complain of pain in his hip and lower back, Dr. Jones sent him back to Welch Hospital.  (Doc. No. 1 at ¶ 11).  According to plaintiff, the doctors at Welch Hospital mentioned that plaintiff might have a pinched nerve in his lower back and asked plaintiff to return for further testing.  Id.  However, plaintiff says that he has never returned for any of the requested follow-up exams.  Id.

Additionally, plaintiff claims that he has experienced
chest pain on a number of occasions. (Doc. No. 1 at ¶ 16).
According to plaintiff, Dr. Jones examined him in response to
his complaints and told him that he should be "on meds" for his
chest pain. Id. Dr. Jones sent plaintiff to Stevens
Correctional Center Medical Unit for an EKG, and, after
examining him again, Dr. Jones determined that he should be sent
to the hospital for further evaluation. (Doc. No. 1 at ¶ 18).
After being examined by another doctor, plaintiff was told that
he needed to have additional testing, but plaintiff contends
that he has never been taken back for this additional testing.
(Doc. No. 1 at ¶ 19).

Plaintiff named the following defendants in his complaint:
(1) McDowell County Commission; (2) McDowell County Correctional
Center; (3) West Virginia Division of Corrections; (4) Jim
Rubenstein, Commissioner of Corrections; (5) Dennis Dingus,
Warden of McDowell County Corrections; (6) Dr. Kimberly Jones;
and (7) Ms. April Walker, R.N. In the PF&R, Magistrate Judge
VanDervort recommended that the court grant the motion to
dismiss submitted by defendants Commissioner Rubenstein and the
West Virginia Division of Corrections. Magistrate Judge
VanDervort further recommended that the court grant defendants
Dr. Jones's and Walker's motion to dismiss with respect to
defendant Walker. The PF&R recommended that the court dismiss

plaintiff's medical malpractice claim against defendant Dr. Jones, but deny her motion to dismiss with respect to plaintiff's claim of deliberate indifference.

## II.  Plaintiff's Objections to the PF&R

In his objections to the PF&R, plaintiff raises a number of arguments.  Initially, plaintiff objects to the recommended dismissal of his claim against the West Virginia Division of Corrections and Commissioner Jim Rubenstein.  (Doc. No. 26 at 1).  In support for his objection, plaintiff incorporates an article from The Charleston Gazette detailing institutional deficiencies at Stevens Correctional Center.  (Doc. No. 26 at 2).  Plaintiff argues that the article provides evidence that the West Virginia Division of Corrections and Commissioner Rubenstein were deliberately indifferent toward his medical issues.  Id.

However, plaintiff is incarcerated at the McDowell County Correctional Center at Welch, West Virginia, where plaintiff contends he slipped in spilled milk and injured himself.  (Doc. No. 1 at 2).  Plaintiff does not provide any information suggesting that he has ever been incarcerated at the Stevens Correctional Center.

Furthermore, even if plaintiff had been incarcerated at Stevens Correctional Center, the newspaper article he cites would not indicate that either the West Virginia Division of

Corrections or Commissioner Rubenstein displayed deliberate indifference to his condition.  Assuming that plaintiff's allegations are true, the newspaper article he cites indicates that the Division of Corrections and Commissioner Rubenstein were aware of problems at the facility and, instead of turning a blind eye to them, were working to remedy the problems.  This falls short of demonstrating that either defendant "acted wantonly, obdurately, or with deliberate indifference to [a] pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991).  Accordingly, plaintiff's objection is overruled.

Plaintiff also argues that Commissioner Rubenstein knew of plaintiff's medical issues and, therefore, acted with deliberate indifference.  (Doc. No. 26 at 4).  Plaintiff contends that he filed a letter and grievance with Commissioner Rubenstein's office, which the Commissioner answered and returned to him. Id.  However, as the PF&R indicates, an official's denial of an institutional grievance falls short of the personal involvement required to state a claim for deliberate indifference to serious medical needs.  Mabry v. Ramirez et al., 2007 WL 4190398, Civil Action No. 2:06cv103, at *6 (N.D.W. Va. Nov. 21, 2007). Therefore, plaintiff's objection lacks merit.

Plaintiff also objects to Magistrate Judge VanDervort's recommendation that the court dismiss his complaint against

6

defendant Walker.  (Doc. No. 26 at 4).  Plaintiff contends that defendant Walker "should have been let go/quit/or/terminated [sic] since this July 1, 2014, [sic] over this ordeal."  Id.  He further argues that defendant Walker was aware that medical staff "fail[ed] to have ready" his medication and x-rays, as well as failed to follow-up on plaintiff's medical appointments. Id.

Plaintiff did not make any of these allegations in his complaint.  Instead, plaintiff only claimed that defendant Walker failed to respond to his grievance adequately.  (Doc. No. 1 at 8).  As noted in the PF&R, an assertion of mere negligent conduct or malpractice is insufficient to constitute an Eighth Amendment violation.  See Daniels v. Williams, 474 U.S. 327, 328 (1986).  Plaintiff's allegation falls short of the standard for deliberate indifference and, as a result, the court overrules his objection.

Furthermore, even if plaintiff had included these allegations in his complaint, the court nevertheless would dismiss his claim against defendant Walker.  "[T]o state a plausible claim [for deliberate indifference], Plaintiff must allege that a defendant deliberately denied, delayed, or interfered with [his] medical care with knowledge of [his] grave condition."  Newbrough v. Piedmont Reg'l Jail Auth., 822 F. Supp. 2d 558, 577 (E.D. Va. 2011).  Plaintiff's allegations do

7

not rise to the level of deliberate interference with his medical care because he does not allege that defendant Walker acted deliberately to deny his medical care.  At most, plaintiff alleges that defendant Walker acted negligently.  As described above, negligent conduct is insufficient to constitute an Eighth Amendment violation.  Consequently, the court overrules plaintiff's objection.

Finally, plaintiff includes a number of objections that are unrelated to his initial complaint.  Plaintiff asserts a violation of his constitutional rights, based on his detention at a county jail "for over two years without being told that it is a County ran [sic] facility."  (Doc. No. 26 at 5).  Plaintiff also includes in his objections an excerpt from an article that originally appeared in The Bluefield Daily Telegraph describing a problem with mold at the McDowell County Courthouse.  (Doc. No. 26 at 10-11).  Neither of these concern plaintiff's complaint or the findings in the PF&R.  Therefore, the court overrules these objections, as well.

### III. <u>Defendant Dr. Jones's Objections to the PF&R</u>

Defendant Dr. Jones filed formal objections to the PF&R, however these objections are, verbatim, the same arguments that she made in her motion to dismiss.  These objections "do not direct the court to a specific error in the magistrate's proposed findings and recommendations" but, instead, are

8

"general and conclusory."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  As a result, a court need not conduct a de novo review of such objections.  Id.

However, upon review of the PF&R, the court overrules defendant Dr. Jones's objections.  In essence, plaintiff argues that Dr. Jones demonstrated deliberate indifference to his medical condition in her failure to follow up on other doctors' prescribed courses of treatment for plaintiff.  Deliberate indifference is a high standard; a showing of negligence will not suffice.  Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).  An official evinces deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny a prisoner access to adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  However, disagreement regarding the proper course of treatment does not provide a basis for relief. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

The Fourth Circuit has held that a medical official's failure to follow up on a prescribed course of treatment presents a plausible claim of deliberate indifference.  Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990) (denying the defendant's motion for summary judgment where a jail's chief doctor, after approving a recommendation for referral to a hospital, "did nothing to follow up," despite the detainee's

9

"continued complaints"), overruled on other grounds; see also Newbrough, 822 F. Supp. 2d at 580.  This is the same claim that plaintiff makes in the instant case.  As a result, Dr. Jones's objections to the PF&R are without merit.

## IV.  Conclusion

Accordingly, the court **OVERRULES** plaintiff's and defendant Dr. Jones's objections to Magistrate Judge VanDervort's PF&R. The court **ADOPTS** the factual and legal analysis contained within the PF&R, **GRANTS** defendants Rubenstein's and the West Virginia Department of Corrections' motion to dismiss, (Doc. No. 15), **GRANTS** defendant Walker's motion to dismiss, (Doc. No. 13), **GRANTS** defendant Dr. Jones's motion to dismiss with respect to plaintiff's medical malpractice claim, and **DENIES** defendant Dr. Jones's motion to dismiss with respect to plaintiff's deliberate indifference claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

**IT IS SO ORDERED** on this 2nd day of December, 2014.

ENTER:

David A. Faber
Senior United States District Judge

10