IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

COURTNEY S. WALLACE, SR.,

      Plaintiff,

v.                       Civil Action No: 1:14-17900

McDOWELL COUNTY COMMISSION,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion for summary judgment submitted by defendants McDowell County Commission and Kimberly Jones-Fouches.  (Doc. No. 40).  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation on September 16, 2015.  (Doc. No. 47).  In the PF&R, Magistrate Judge VanDervort recommended that the district court grant defendants' motion for summary judgment, dismiss plaintiff's complaint, and remove this matter from the court's docket.  (Doc. No. 47 at 22).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R.  The failure

to file such objections constitutes a waiver of the right to a
de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363
(4th Cir. 1989).

Plaintiff failed to file any objections to the Magistrate
Judge's PF&R.  Having reviewed the PF&R filed by Magistrate
Judge VanDervort, the court adopts the findings and
recommendations contained therein.

The court notes that the PF&R recommended dismissal of
plaintiff's complaint, a recommendation to which plaintiff has
not objected.  However, there are two defendants remaining for
whom the court has not determined the appropriate disposition:
McDowell County Correctional Center and Dennis Dingus.[1]

Having reviewed plaintiff's complaint, the court has
determined that dismissal of these two remaining defendants is
appropriate.  Plaintiff named McDowell County Correctional
Center as a defendant in his Section 1983 claim.  However,
Section 1983 claims must be directed at a "person."  See Preval
v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished); see also
Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).

---

[1] The court notes that Magistrate Judge VanDervort addressed the
propriety of dismissing defendant McDowell County Correctional
Center in a previous PF&R, but ultimately did not include
dismissal of this defendant in his recommendation to the court.
(Doc. No. 23 at 11, 21).  The court further notes that plaintiff
submitted objections to this PF&R, but did not object to
dismissal of defendant McDowell County Correctional Center.
(Doc. No. 26).

As McDowell County Correctional Center is not a person, dismissal of plaintiff's claim against this defendant is appropriate.

Dismissal of plaintiff's claims against defendant Dennis Dingus is appropriate, as well, because plaintiff's complaint fails to state a claim against him.  In his complaint, plaintiff states that he had difficulties receiving prescription medication.  (Doc. No. 1 at ¶ 10).  He alleges that he filed a grievance on September 23, 2013, which was sent back to him without an answer, so he forwarded the grievance to defendant Dingus who "investigated it along with Nurse Murphy[,] who said that my medicine would be reordered . . .".  Id.  This represents the sole reference to defendant Dingus in plaintiff's complaint.  The conduct plaintiff alleges is neither negligent nor a constitutional violation; instead, plaintiff himself acknowledges that defendant Dingus investigated his grievance. To the extent that plaintiff argues that defendant Dingus, as warden of McDowell County Correctional Center, is vicariously liable for the acts of defendant Jones-Fouche, a prison employee, the court has determined that defendant Jones-Fouche did not act with deliberate indifference to plaintiff's medical conditions.  (Doc. No. 47 at 17, 18).  As a result, there are no acts for which defendant Dingus can be held vicariously liable.

Therefore, dismissal of defendant Dingus is appropriate, as well.

Accordingly, the court hereby **ADOPTS** the factual and legal analysis contained within the PF&R, **GRANTS** the motion for summary judgment submitted by defendants McDowell County Commission and Dr. Kimberly Jones-Fouche, (Doc. No. 40), **DISMISSES** plaintiff's complaint, (Doc. No. 1), and **DIRECTS** the Clerk to remove this case from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se.

It is **SO ORDERED** this 18th day of November, 2015.

ENTER:

David A. Faber
Senior United States District Judge

4